UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID B. HULL,

    Petitioner,

v.                                     Case No. 8:13-cv-1838-T-36TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is *pro se* Petitioner's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his convictions entered in 2007 in the Thirteenth Judicial Circuit, Hillsborough County, Florida. Respondent filed a response (Dkt. 12) and Petitioner filed a reply (Dkt. 15). Upon review, the petition must be dismissed as untimely.

Petitioner was charged with DUI and driving while license permanently revoked.[1] Initially, he entered a plea of guilty on August 16, 2006, and was sentenced to thirteen months' imprisonment, followed by one year of community control and three years of probation. (Dkt. 14, Exs. 1, 2.) An affidavit of violation of community control was entered on May 15, 2007. (Dkt. 14, Ex. 3.) On June

---

[1] Petitioner's notice of change of address (Dkt. 18) indicates that he was released from custody in March of 2014. The Department of Corrections website confirms this. Pursuant to 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." However, Petitioner was incarcerated in the Florida Department of Corrections at the time he filed this habeas petition. Therefore, he meets the "in custody" requirement of § 2254(a). *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner who has been released from custody must show that some collateral consequence still exists to prevent the petition from being considered moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Wrongful convictions can have ongoing collateral consequences. *Id*. at 8. Here, Petitioner's arguments concern violation of probation proceedings and specifically challenge the validity of the state court's finding that he violated probation. Accordingly, his petition will be considered.

12, 2007, Petitioner was found in violation of probation, and his probation was revoked. (Dkt. 14, Ex. 4.)[2] He was sentenced to consecutive terms of five years' imprisonment. (Dkt. 14, Ex. 4.)

Respondent contends that this petition, filed when Petitioner gave it to prison officials for mailing on July 12, 2013, is untimely. The record supports this assertion. A one-year statute of limitations applies for filing a habeas petition seeking relief from a state court judgment under 28 U.S.C. § 2254. This one-year period "shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. 2244(d)(1)(A). The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. 2244(d)(2).

Petitioner's arguments all concern the proceedings at his violation of probation hearing conducted on June 12, 2007. Petitioner appealed the court's finding that he violated probation and the sentence imposed upon revocation of probation. The state appellate court affirmed on February 8, 2008, and denied Petitioner's motion for rehearing on March 24, 2008. (Dkt. 14, Exs. 6, 7.) His conviction and sentence therefore became final on June 22, 2008, when the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); Sup. Ct. R. 13.3.

Accordingly, Petitioner's one-year period to file a federal habeas petition began running the next day, June 23, 2008. Because more than one year passed before Petitioner submitted a properly-filed collateral motion in state court that would have tolled the one-year clock, the limitations period expired before this federal habeas petition was filed. Specifically, Petitioner did not file his motion

---

[2]While the affidavit alleged a violation of community control, the state court found Petitioner in violation of probation and revoked probation. (Dkt. 14, Ex. 4.)

for postconviction relief under Florida Rule of Criminal Procedure 3.850 until July 1, 2009. (Dkt. 14, Ex. 16.)[3] Accordingly, because the federal habeas limitations period expired before Petitioner filed this federal habeas petition, the petition is untimely.

In his reply, Petitioner contends that his petition is timely. He contends that in calculating timeliness Respondent failed to take into account a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) that he filed on January 29, 2007 and that the state court denied on September 17, 2007. Petitioner further contends that he appealed the order of denial, but the state appellate court dismissed it as moot due to the imposition of his sentence for violating probation. Petitioner states that he is unaware of the appellate court case number or of relevant dates.[4]

However, Petitioner's argument does not change the Court's conclusion, because his Rule 3.800(a) motion does not affect the timeliness of his federal habeas petition. Specifically, as Peititoner's Rule 3.800(a) motion was filed on January 29, 2007, prior to the May 15, 2007 affidavit of violation of community control and June 12, 2007 violation of probation hearing, it only could have involved the sentence Petitioner was serving before he was found to have violated probation and sentenced for the violation. Tolling under § 2244(d)(2) takes effect only in regard to state court motions concerning the judgment that is also the subject of the federal habeas petition:

---

[3]Petitioner filed a motion to withdraw plea under Florida Rule of Criminal Procedure 3.170 on July 15, 2008. (Dkt. 14, Ex. 9.) The state court denied this motion. Although the denial was without prejudice to Petitioner filing a timely motion under Rule 3.850, the state court rejected the motion to withdraw plea on the grounds that it was untimely under Rule 3.170. (Dkt. 14, Ex. 10.) Because the motion to withdraw plea was untimely, it was not "properly filed" so as to toll the one-year federal habeas limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). It also appears that Petitioner filed a motion to reduce sentence under Florida Rule of Criminal Procedure 3.800(c) on March 23, 2008, and that this motion was denied on June 13, 2008. (See Dkt. 1, p. 4; Dkt. 14, Ex. 8, p. 6.) A motion filed under Rule 3.800(c) would not toll the one-year limitations period. *See Baker v. McNeil*, 439 Fed.Appx. 786 (11th Cir. 2011) (unpublished), *cert. denied*, 132 S.Ct. 1633 (2012).

[4]The state court docket included in the record indicates that a motion to correct illegal sentence under Rule 3.800(a) was filed on January 29, 2007, and denied on September 17, 2007. (Dkt. 14, Ex. 8, pp. 6, 7.) The state court docket does not appear to include an entry for a notice of appeal of that order. Petitioner has not provided a copy of the motion or related documents.

> The time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). Based on the date it was filed, Petitioner's Rule 3.800(a) motion must have concerned a judgment other than the one that is the subject of his federal habeas petition. Therefore, this collateral motion has no bearing on the timeliness of Petitioner's federal habeas petition.

Accordingly, the petition is untimely. Moreover, it cannot be considered on equitable tolling grounds. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner presents no argument that his petition should be considered under the doctrine of equitable tolling and the Court finds no basis to do so.

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** as untimely. The Clerk is directed to enter judgment against Petitioner and close this case.

It is further ordered that Petitioner is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability. *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made this showing.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on October 14, 2014.

Charlene Edwards Honeywell
United States District Judge

Copy furnished to:
*Pro se* Plaintiff
Counsel of Record